540 P.2d 771

**In the Matter of the ESTATE of John E. RAY, an incapacitated person.**

**Donald C. RAY, Petitioner,**

v.

**The SUPERIOR COURT OF ARIZONA, IN AND FOR the COUNTY OF PIMA and Jack G. Marks, one of the Judges thereof, and Ronald J. Stolkin, Esq., Appointed by the Court as Guardian Ad Litem for John E. Ray, Respondents.**

**No. 2 CA–CIV 1937.**

Court of Appeals of Arizona, Division 2.

Oct. 1, 1975.

Rehearing Denied Oct. 31, 1975.
Review Denied Dec. 9, 1975.

Nolen L. McLean, Tucson, for petitioner.

Stolkin, Weiss & Tandy, by Ronald J. Stolkin, Tucson, for respondents.

Bruce E. Babbitt, Atty. Gen., by Harold J. Merkow, Asst. Atty. Gen., Phoenix, for Arizona Dept. of Economic Security, amicus curiae.

James J. Balamenti and Edgar M. Delaney, Phoenix, for Veterans' Admin., amicus curiae.

HATHAWAY, Judge.

Petitioner is the appointed guardian of the estate of his brother, an incompetent. On August 6, 1974, he filed his annual account for the period ending June 30, 1974. On September 4, the respondent court appointed respondent Stolkin guardian ad litem of the incompetent. This action was brought to challenge the appointment of a permanent guardian ad litem in this case to review the intermediate accounts of the appointed guardian and assessment of the charges for the services of the guardian ad litem against the estate.

In support of its action, the trial court stated in a minute entry:

"4. Due process of law requires an attorney/guardian ad litem to protect the

interests of John E. Ray, an incapacited protected person, with respect to the instant account as the Certificate of Incompetency implies that the said John E. Ray is a person who is unable to manage his property and affairs effectively in accordance with the laws and regulations governing the Veterans Administration, and, further, pursuant to A.R.S. § 14–1403(4) the court has determined that representation of John E. Ray's interests would otherwise be inadequate without the appointment of an attorney/guardian ad litem in view of the clear implication of A.R.S. § 14–5407(B), which reads:

[Upon receipt of a petition for appointment of a conservator or other protective order for reasons other than minority, the court shall set a date for hearing. After hearing, upon finding that a basis for the appointment of a conservator or other protective order has been established, the court shall make an appointment or other appropriate protective order]. 'Unless the person to be protected has counsel of his own choice, the court *must* appoint a lawyer to represent him who then has the powers and duties of a guardian ad litem. . . .' (Emphasis added)"

■ The authority cited by the court does not warrant the appointment of a guardian ad litem in each and every case of this genre. A.R.S. § 14–5407(B) refers to the time of appointment of the conservator. The intent of the drafters of the probate code was to authorize a conservator once appointed to freely exercise his discretion when acting as conservator. The comment in the Uniform Probate Code following § 5–420 (A.R.S. § 14–5420) states:

"This section permits independent administration of the property of protected persons once the appointment of a conservator had been obtained. Any interested person may require the conservator to account in accordance with Section 5–419. [A.R.S. § 14–5419] As a trustee, a conservator holds title to the prop-

erty of the protected person. The appointment of a conservator is a serious matter and the Court must select him with great care. Once appointed, he is free to carry on his fiduciary responsibilities. If he should default in these in any way, he may be made to account to the Court."

■ Since the conservator has been appointed in this case years ago, that section of the Probate Code allowing the appointment of a guardian ad litem obviously is not applicable.

■ Therefore, the authority of the court to appoint a guardian ad litem in this situation rests on A.R.S. § 14–1403(4) which states:

"At any point in a proceeding, a court may appoint a guardian ad litem to represent the interest of a minor, an incapacitated, unborn or unascertained person, or a person whose identity or address is unknown, if the court determines that representation of the interest otherwise would be inadequate. If not precluded by conflict of interests, a guardian ad litem may be appointed to represent several persons or interests. The court shall set out its reasons for appointing a guardian ad litem as a part of the record of the proceeding."

The very language of the statute, however, belies its interpretation as requiring the appointment of a guardian ad litem in all cases. The court is given discretion in deciding whether to make the appointment, and, if it does, it must "set out its reasons" for making the appointment. The court in the instant case determined that representation of the interest of the protected person would be inadequate without the appointment. This is not "setting out reasons" as meant by the statute. Specific findings, such as a possible conflict of interest, must be set down to justify the appointment.

■ Automatic appointment constitutes an abuse of the trial court's discretion. The Veterans Administration presently su-

pervises 102 guardianships in Pima County. In every case, a guardian ad litem has been appointed. Such a policy needlessly dissipates assets of the estates. The statute clearly mandates that only in those unusual situations, where the court is convinced that the circumstances necessitate the appointment of a guardian ad litem, the court should make the appointment, setting down its reasons to justify its actions. Without such a determination, the appointment is an abuse of discretion and must be overturned.

The trial court is hereby ordered to set aside its order appointing a guardian ad litem in this case.

HOWARD, C. J., and KRUCKER, J., concurring.