560 P.2d 1255

In the Matter of the ESTATE of John E. RAY, an incapacitated person.

Donald C. RAY, Petitioner,

v.

The SUPERIOR COURT of Arizona, IN AND FOR the COUNTY OF PIMA, and Jack G. Marks, one of the Judges thereof, and Gordon G. Waterfall, Esq., appointed by the Court as guardian ad litem for John E. Ray, Respondents.

No. 2 CA–CIV 2402.

Court of Appeals of Arizona, Division 2.

Dec. 29, 1976.

Rehearing Denied Feb. 8, 1977.

Review Denied Feb. 23, 1977.

Nolen L. McLean, Tucson, for petitioner.

Waterfall, Economidis, Caldwell & Hanshaw, P. C., by Gordon G. Waterfall, Tucson, for respondents.

## OPINION

RICHMOND, Judge.

Petitioner brings this challenge to the trial court's appointment of a second guardian ad litem after the first guardian ad litem was ordered relieved of his duties in this court's opinion, *Matter of the Estate of Ray*, 25 Ariz.App. 40, 540 P.2d 771 (1975). Since we believe the trial court's attempt at circumventing our opinion is an abuse of discretion, we take jurisdiction of the matter and grant relief.

In our earlier case, petitioner, the appointed guardian of the estate of his brother, an incompetent, had filed his annual account for the period ending June 30, 1974. The respondent court had appointed a guardian ad litem to review the intermediate accounts. In the case presently before us, Donald C. Ray, again the petitioner, filed a petition on August 16, 1976, for (1) approval of proposed arrangement filed May 12, 1976; (2) approval of account for the period June 30, 1974, to June 30, 1975, filed May 12, 1976; (3) instructions re letter dated May 14, 1976; (4) approval of account for period June 30, 1975, to June 30, 1976; and (5) application for relief from annual

account. The petitioner, on October 7, 1976, requested that a guardian ad litem not be appointed, but, if the trial court should determine otherwise, nominated A. Elizabeth Ray, the natural mother of the incompetent. The trial court ordered that a member of the bar of the State of Arizona be appointed guardian ad litem to protect the property interests of the incompetent with respect to the petition filed by Donald C. Ray and this special action was brought.

This court stated in *Matter of the Estate of Ray*, supra:

"The very language of the statute [A.R.S. § 14-1403(4)], however, belies its interpretation as requiring the appointment of a guardian ad litem in all cases. The court is given discretion in deciding whether to make the appointment, and, if it does, it must 'set out its reasons' for making the appointment. The court in the instant case determined that representation of the interest of the protected person would be inadequate without the appointment. This is not 'setting out reasons' as meant by the statute. Specific findings, such as a possible conflict of interest, must be set down to justify the appointment.

". . . The statute clearly mandates that only in those unusual situations, where the court is convinced that the circumstances necessitate the appointment of a guardian ad litem, the court should make the appointment, setting down its reasons to justify its actions. Without such a determination, the appointment is an abuse of discretion and must be overturned." 25 Ariz.App. at 42–43, 540 P.2d at 773–774.

In support of its appointment of the second guardian ad litem, the trial court has made six findings:

"1. That judicial approval of the accounts require [sic] proper notice to John E. Ray, as a predicate to a hearing and determination of the allegations and prayers for relief set forth in the petition;

"2. That John E. Ray is an incapacitated protected person and is incompetent to

comprehend the nature of this proceeding and his property rights;

"3. That the petition and notice of hearing served upon John E. Ray did not afford sufficient notice to an incompetent and is without due process of law;

"4. That the petition for approval of accounts of conservator (formally guardian of the estate of the incompetent), is comparable to a complaint in a civil action in which the petitioner is the plaintiff and the ward is the defendant and, therefore, there is a conflict of interest precluding the petitioner/conservator from representing his ward in this proceeding and acting in a dual capacity as both plaintiff and defendant;

"5. That A. Elizabeth Ray may not be appointed as guardian ad litem for John E. Ray because of conflict of interest since she is an interested person requesting $1,000.00 per month to care for the ward, his home, his furniture and his automobiles; and

"6. That the facts and law require a guardian ad litem be appointed at this time with reference to the petition filed August 16, 1976, and not for any further formal proceedings which may be brought before this probate court."

 We said that A.R.S. § 14–1403(4) only requires the appointment of a guardian ad litem in unusual situations. The six points cited by the trial court do not describe an unusual situation. The first four would apply in any proceeding of this nature. Point five is of really no importance since the fact that the incompetent's natural mother may not be eligible to be appointed as a guardian ad litem has no bearing on whether a guardian ad litem is needed at all. Point six is a bald conclusion by the trial court and is not a specific finding as required by the statute to support the appointment of a guardian ad litem. The facts of this case have not changed since our first opinion, and in that case we found nothing to indicate that the situation was unusual so as to require the appointment of a guardian ad litem. The mere fact that the trial court has enumerated the points and exhaustively discussed them in its memorandum does not make the situation any more "unusual" so as to justify the appointment. The trial court's fear that the incompetent was not afforded due notice is rendered moot by the fact that the incompetent does have an appointed guardian, his brother, and due process was afforded with notice to the guardian. The other fear of the trial court, that the guardian/conservator and his ward are at odds in the petition for approval of accounts, is not "the unusual situation" envisaged by the statute. Conflicts of interest are always possible in such arrangements. However, as cited in our earlier opinion, the comment in the Uniform Probate Code following § 5–420 (A.R.S. § 14–5420) states, inter alia:

"The appointment of a conservator is a serious matter and the Court must select him with great care. Once appointed, he is free to carry on his fiduciary responsibilities. If he should default in these in any way, he may be made to account to the Court."

 We see nothing in the facts of this case, or in the findings of the trial court, to necessitate the appointment of a guardian ad litem for this incompetent. There is nothing so unusual about this situation that a guardian ad litem is needed. The trial court is in a position to ensure that the guardian/conservator conforms to his duties, and a breach of his fiduciary duty would leave him liable to the estate for any wrongdoing. As such, we see no need for the appointment and the trial court is hereby ordered to set aside its order appointing the guardian ad litem.

Relief granted.

HOWARD, C. J., and HATHAWAY, J., concur.